**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CIVIL ACTION NO. 1:15-cv-8395-GBD

|  |  |
|---|---|
| MICHAELINE RITO, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CASTELLA IMPORTS, INC. and CASTELLA IMPORTS II, LLC.<br><br>    Defendants. | **ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND APPROVING CLASS NOTICE** |

JAN 1 0 2018

THIS MATTER having been opened to the Court by Poulos LoPiccolo PC and Nagel Rice, LLP, on behalf of Michaeline Rito, Plaintiff and Class Representative by way of motion for preliminary approval of the proposed settlement in the above Action;

WHEREAS, the Court having reviewed and considered the motion for preliminary approval and supporting materials filed by Counsel, and having also reviewed the court file in this Action; and

WHEREAS, this Court has fully considered the record and the requirements of law; and good cause appearing;

IT IS ON THIS _10th_ day of _January_, 2018

ORDERED that the settlement (including all terms of the Settlement Agreement and Release, dated November 17, 2017, between Representative Plaintiff and Defendants, Castella

1

Imports, Inc. and Castella Imports II, LLC ("Castella"), and Exhibits thereto) (the "Agreement") is hereby PRELIMINARILY APPROVED.

The Court further finds and orders as follows[1]:

1.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331, and venue is proper in this District.

2.  The Court has personal jurisdiction over the Representative Plaintiff, Class Members, and Castella.

3.  The Agreement falls well within the range of reason. The Agreement has no obvious deficiencies.  The Agreement does not unreasonably favor the Representative Plaintiff or any segment of the Class.

4.  Because the Agreement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Agreement and all of its exhibits.

5.  The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied.   The Court certifies the Settlement Class, as follows:

> All persons in the United States who purchased "Aegean," "Lira" or "Pegasus" brand extra virgin olive oil at retail after October 23, 2009, for personal or household use.

---

[1] To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Agreement.

6.    The Court conditionally certifies the proposed Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

a)    Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Class are so numerous that joinder of all members is impracticable.

b)    Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Class as follows:

1)    Whether Defendants misled class members by representing that their products were EVOO;

2)    Whether Defendants advertising and marketing regarding their products sold to class members was unfair;

c)    The Court hereby appoints Michaeline Rito, the Representative Plaintiff as Class Representative;

d)    Pursuant to Fed. R. Civ. P. 23(a)(4), the Representative Plaintiff will fairly and adequately protect and represent the interests of all members of the Class, and the interests of the Representative Plaintiff are not antagonistic to those of the Class.    Furthermore, the Representative Plaintiff is represented by counsel who is experienced and competent in the prosecution of complex class action litigation.

3

7.    The Court further finds, for settlement purposes only, that the requirements of Rule 23(b)(3) are satisfied, as follows:

a)    Questions of law and fact common to the members of the Class, as described above, predominate over questions that may affect only individual members; and

b)    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

8.    The Court finds that the content of the Publication Notice, and Long-Form Notice on the Settlement Website attached to the Agreement as Exhibits B and C satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1) and due process, and accordingly approves each such Notice.

9.    This Court further approves the proposed methods for giving notice of the settlement to Class Members, as reflected in the Agreement and the motion for preliminary approval.    The Court has reviewed the notices attached as Exhibits to the Agreement, and the notice procedures, and finds that the Class Members will receive the best notice practicable under the circumstances.    The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the

4

requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.

10. The Court hereby appoints Nagel Rice LLP and Poulos LoPiccolo PC as Class Counsel pursuant to Rule 23(g) and preliminarily finds that they fairly and adequately represent the interests of the Class.

11. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on $\underline{April\ 25}$ , to consider final approval of the Agreement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Class should be certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of an award of a service payment to the Representative Plaintiff. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Agreement, without further notice to the Class other than notice that may be posted at the Court and on the Court's and Settlement websites.

12. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

To Object to the settlement or Class counsel's request for attorney's fees and cost you must serve objection upon all counsel of record and file your object with the court on or before _March 9_ 2018. Objectors must state in writing all objections and the reasons therefore, and include any and all supporting papers, including proof of membership in the Class, and if applicable, the Objector's statement of intent to appear at the Fairness Hearing. If you do not timely file a written objection and notice of your intent to appear at the Fairness Hearing, you shall not be permitted at the Fairness Hearing to object to the Settlement or to any matters related to the Settlement or the provisions of the Settlement Agreement, and shall be foreclosed from seeking review by appeal or otherwise. You must file your objection with the United States District Court, 500 Pearl Street, New York, New York. Mail your objection to the three different places below, postmarked no later than _March 9_ 2018.

**Court**

Clerk U.S. District Court
500 Pearl Street
New York, NY 10007

**Class Counsel:**

Randee Matloff Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, NJ 07068

6

**Defense Counsel:**

Daniel V. Gsovski, Esq.
Herzfeld & Rubin, PC
125 Broad Street
New York, NY 10004

All papers submitted must include the Case Number 15 Civ. 8395-GBD

13. Members of the Class who elect not to participate in the settlement ("Opt-Outs") must submit a written request for exclusion that is postmarked no later than *March 9*, 2018 mailed to the following:

**Class Counsel:**

Randee Matloff Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, NJ 07068

**Defense Counsel:**

Daniel V. Gsovski, Esq.
Herzfeld & Rubin, PC
125 Broad Street
New York, NY 10004

The written notification must include the individual's full name and current address; a receipt or a sworn statement giving the date and place of purchase on or after October 24, 2009 of Extra Virgin Olive Oil sold under the brand names "Aegean," "Pegasus" or "Lira" and clearly stating that the sender requests exclusion, "opts out" or does not wish to be a member of the

7

Settlement Class. No specific form or words is required so long as the sender's intent to request exclusion is clear.

14. Any member of the Class failing to properly and timely mail such a written notice of exclusion shall be automatically included in the Class and shall be bound by all the terms and provisions of the Agreement and the settlement, including the release, and Order of Final Judgment.

15. The following are the deadlines for the following events:

| EVENT | DATE |
|---|---|
| Notice of Class Action Settlement Posted on Internet | [preliminary approval + 21 days] |
| Notice of Class Action Settlement Published in national edition of USA Today | [preliminary approval + 21 days] |
| Filing Motion for Attorneys' Fees, and Reimbursement of Expenses | [55 days before Final Approval Hearing] |
| Postmark/Filing Deadline for Requests for Exclusions, and Objections | [45 days before Final Approval Hearing] |
| Service/Filing Notice of Intention to Appear at Fairness Hearing | [30 days before Final Approval Hearing] |
| Affidavit of Compliance with Notice Requirements and Report of Exclusions and Objections | [7 days before Final Approval Hearing] |
| Filing Motion for Final Approval, and Service Awards To be Filed by Class Counsel and Parties' Response to Objections | [30 days before Final Approval Hearing] |

8

**Fairness Hearing**                          **On or after 90 days after**
                                              **Preliminary Approval]**

**Deadline to File a Claim**                  **180 days after Publication of**
                                              **Notice**

16. In the event that the settlement does not become
effective for any reason, this Preliminary Approval Order and
Judgment shall be rendered null and shall be vacated, and all
orders entered in connection herewith shall be null and void to
the extent provided by and in accordance with the Agreement. If
the settlement does not become effective, Castella and any other
Released Persons (as defined in the Agreement) shall have
retained any and all of their current defenses and arguments
thereto (including but not limited to arguments that the
requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not
satisfied for purposes of continued litigation). These Actions
shall thereupon revert immediately to their respective
procedural and substantive status prior to the date of execution
of the Agreement and shall proceed as if the Agreement and all
other related orders and papers had not been executed.

17. Nothing in this Preliminary Approval Order and
Judgment, the Agreement, or any documents or statements related
thereto, is or shall be deemed or construed to be an admission
or evidence of any violation of any statute or law or of any
liability or wrongdoing by Castella, or an admission of the

9

propriety of class certification for any purposes other than for purposes of the current proposed settlement and Agreement.

18.  All other proceedings in the Actions are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed settlement.  No discovery with regard to any of these Actions, or with respect to this settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules.  In addition, pending a determination on final approval of the settlement, all Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims (as defined in the Agreement).

19.  The Court shall retain continuing jurisdiction over the Actions, the Parties and the Class, and the administration, enforcement, and interpretation of the Agreement.

JAN 1 0 2018

George B. Daniels, U.S.D.J.